**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WALTER J. ROSALES, <u>et</u> <u>al.</u>,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 03-1117 (GK)** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **<u>et</u> <u>al.</u>,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

<u>**ORDER**</u>

Plaintiffs are Walter J. Rosales and Karen Toggery.[1]
Defendants are the United States of America, the U.S. Department of
the Interior, the Bureau of Indian Affairs ("BIA" or "Bureau"), and
the Interior Board of Indian Appeals ("IBIA" or "Board").
Plaintiffs bring suit under the Indian Reorganization Act ("IRA"),
25 U.S.C. §§ 461-479, and the Administrative Procedure Act ("APA"),
5 U.S.C. §§ 701-706, seeking to overturn the following: 1) the
August 31, 1996 Secretarial election in which voters approved an
amendment to the Jamul Village Constitution to lower the blood-
quantum requirement for tribal membership and voter registration
from one-half to one-quarter; 2) the Deputy Commissioner of Indian
Affairs' October 15, 1996 decision approving the amendment; 3) the

---

[1] The Complaint's caption lists the Jamul Indian Village
("Village") as a Plaintiff. Defendants object to the Jamul Indian
Village being named as a Plaintiff because, they argue, Plaintiffs
lack authority to represent the Village. Because the Court agrees
and grants Defendants' Cross-motion for Summary Judgment,
references to Plaintiffs herein do not include the Village.

Board's July 29, 1999 decision affirming the Secretarial election; and 4) the Board's March 4, 2003 decision affirming the Deputy Commissioner's approval of the amendment.  See Pls.'Opp'n at 6. Plaintiffs seek an order declaring: "1) that the Village [C]onstitution has not been lawfully amended; 2) that the elections of 1997, 1999, and 2001, held by the faction using the lowered blood quantum to determine an individual's qualifications to vote, were not lawful; 3) that the BIA's decision of October 15, 1996, and the IBIA's decisions of July 29, 1999 and March 4, 2003, must be reversed and vacated; and 4) that the Government must recognize the 1997, 1999, and 2001 election of Plaintiffs ... as officers of the Village, pursuant to the terms of the original Village [C]onstitution."  Id. at 37.

This matter is before the Court on Plaintiffs' Motion for Summary Judgment, [#25], and Defendants' Cross-motion for Summary Judgment, [#26].  Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, and for the reasons stated in the Memorandum Opinion, it is hereby

**ORDERED** that Plaintiffs' Motion for Summary Judgment, [#25], is **denied**; it is further

**ORDERED** that Defendants' Cross-motion for Summary Judgment, [#26], is **granted** and this case is **dismissed.**

This is an appealable final order under Rule 4 of the Federal Rules of Appellate Procedure.


March 8, 2007

/s/_____
Gladys Kessler
U.S. District Judge

**Copies to:   Attorneys of record via ECF.**